GRIFFIS, P. J„ for the Court:
¶ 1. In February 1995, Douglas Williams was convicted for the murders of Doris Marie Williamson, Harold Williamson, and Hosea Williamson. Williams was sentenced to serve three consecutive life sentences. Williams’s direct appeal was affirmed. Williams v. State, 700 So.2d 338 (Miss.Ct.App.1997).
¶ 2. On November 1, 2010, Williams commenced this action by filing a “Motion for an Order of Disinterment for Autopsy.” Williams sought a court order to exhume the bodies of his three victims. Williams claimed that he sought the autopsies as a concerned citizen. He stated that he did not seek to establish his guilt or innocence through a motion for post-conviction collateral relief. Instead, Williams asked for “an order of disinterment for autopsy ... so that an official cause and manner of death can be determined and certified in the interest of justice and in compliance with Mississippi statutory laws.... ” The trial court denied the motion. The court concluded that Williams had failed to show how second autopsies of the victims were necessary.
¶ 3. In this action, Williams seeks to assert a statutory claim. He clearly states that his filing is not a motion for post-conviction collateral relief, which would challenge his conviction or sentence. Instead, Williams argues that the bodies should be exhumed as a matter of public interest based on the authority of Mississippi Code Annotated section 41-61-67 (Rev.2009), which provides:
(1) In any case of death where the body is or has been buried without investigation by a medical examiner as to the cause and manner of death, or where sufficient cause develops for further investigation after a body has been buried as determined by a medical examiner, the State Medical Examiner shall authorize an investigation and send a report of the investigation with recommendations to the appropriate district attorney. The district attorney may forward the report to the circuit court having jurisdiction of the matter and petition the court for disinterment. The *936 circuit judge may order that the body be exhumed and that an autopsy be performed by the State Medical Examiner. A report of the autopsy and other pathological studies shall be delivered to the judge. However, in cases of suspected homicide, the State Medical Examiner shall be able to authorize disinterment for the purposes of autopsy. The cost of the exhumation, autopsy, transportation and disposition of the body shall be paid by the county for which the service is provided.
(2) Any person may petition the circuit court for an order of exhumation. Upon a showing of sufficient cause, the court may order the body exhumed. The cost incurred shall be assigned to the petitioner.
Williams argues he is “any person” and that he has shown “sufficient cause.”
¶ 4. Williams also cites Mississippi Code Annotated section 41-61-65(3) (Supp.2012), which provides:
Family members or others who disagree with the medical examiner’s determination shall be able to petition and present written argument to the State Medical Examiner for further review. If the petitioner still disagrees, he may petition the circuit court, which may, in its discretion, hold a formal hearing. In all those proceedings, the State Medical Examiner and the county medical examiner or county medical examiner investigator who certified the information shall be made defendants. All costs of the petition and hearing shall be borne by the petitioner.
Although this statute requires the petition to first be presented to the State Medical Examiner, Williams argues that he directly petitioned the circuit court because there was no State Medical Examiner in office when he filed his motion.
¶5. Williams alleges “sufficient cause” for exhumation, as required by section 41-61-67(2), on several grounds. First, he claims that Dr. Rodrigo Galvez, the doctor who performed the original autopsies, was not a board-certified forensic pathologist. Second, he claims that Dr. Galvez failed to rule out causes of death other than gunshot wounds. Third, he claims that Dr. Galvez conducted the autopsies before they were requested by the district attorney.
¶ 6. Indeed, the record is not clear whether Dr. Galvez was a certified forensic pathologist. However, this certification was not required. Only the State Medical Examiner is required to “be certified in forensic pathology by the American Board of Pathology.” Miss.Code Ann. § 41-61-55(2) (Supp.2012). A county medical examiner is only required to be a licensed physician. Miss.Code Ann. § 41-61-53(d) (Supp.2012). Since Dr. Galvez was not the State Medical Examiner, he was not required to be certified in forensic pathology. Williams does not dispute that Dr. Galvez was a licensed physician. Regardless, even if Williams were correct that Dr. Galvez did not hold the proper certification, this would not constitute sufficient cause to exhume the bodies.
¶ 7. Next, Williams claims that Dr. Galvez failed to rule out causes of death other than gunshot wounds. Williams does not dispute that the victims were shot. Rather, he argues that since gunshot wounds are not necessarily fatal, the autopsy reports should have ruled out other causes of death, such as a drug overdose or poisoning. Williams also claims that one of the victims was taken to the hospital and died during surgery. Williams argues the autopsy of this victim should have ruled out negligence by the surgeon as a potential cause of death. Williams has presented no evidence to show that the autopsies were not properly *937 performed or that the reports were incomplete. Further, the appropriate time for Williams to dispute the manner of the victims’ deaths was during trial, not seventeen years later in a motion for disinterment. Regardless, this reason would not constitute sufficient cause to exhume the bodies.
¶ 8. Finally, Williams argues that the autopsies were invalid because they were requested by the district attorney after they had been performed. Williams lacks standing to make this argument. See Evans v. State, 725 So.2d 613, 657 (¶ 162) (Miss.1997) (quoting Pendergraft v. State, 213 So.2d 560, 564 (Miss.1968) (“It was not the legislative intent and purpose for an accused in a criminal case to have the standing or the right to complain that all technicalities had not been strictly followed in the ordering of an autopsy.”). Even if we found he had standing, there would be no merit to this argument.[1]
¶ 9. The findings of the trial court must be supported by substantial credible evidence. In re Spiers, 992 So.2d 1125, 1128 (¶ 10) (Miss.2008). The trial court’s findings will not be disturbed unless the judge abused his discretion, was manifestly wrong, or applied an erroneous legal standard. Id. We find Williams’s arguments are without merit. Williams has failed to show standing or sufficient cause for the court to order the exhumation of these bodies. We do not find that the trial judge abused his discretion, was manifestly wrong, or applied an erroneous legal standard when he denied Williams’s motion. Accordingly, we affirm.
¶10. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The district attorney's office petitioned for the autopsies on January 4, 1994, approximately two months after the autopsies were performed. Williams argues the autopsies should not have been ordered by the trial court before the petition was filed. Williams cites to Mississippi Code Annotated section 41-37-9 (Rev.2009), which states that an autopsy may be ordered by the circuit judge “upon petition of the district attorney.” However, this is not the only means by which an autopsy may be ordered. An autopsy may also be requested by "[t]he executive officer of the Mississippi State Board of Health or a county health officer ... in like manner as is provided in section 41-37-9...." Miss.Code Ann. § 41-37-23 (Rev.2009). The trial court's order indicates that ”[t]he original autopsies were performed during the normal course of pretrial investigation of a possible crime....” The trial court also found that Dr. Galvez was "properly authorized” to perform the autopsies. There is nothing in the record to indicate otherwise; thus, this argument fails.